UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**

AUG 16 2023

At _____ M.
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA )
)
        v. )
)
TYRUS L. VEALS )

Cause No.  **2 : 2 3 CR 0 7 7**

18 U.S.C. § 1029(a)(2) & (5)

## INDICTMENT

THE GRAND JURY CHARGES:

At times material to this Indictment:

### BACKGROUND

1.    TYRUS L. VEALS, a resident of Lafayette, Indiana, owned or controlled gambling accounts with at least two online gambling companies.

2.    Individual A, a resident of Phoenix, Arizona, owned a Visa debit card with a number ending in 0405. Individual A's debit card was connected to her checking account at a local credit union.

3.    Without Individual A's authorization or knowledge, VEALS provided Individual A's Visa debit card information, including the card number, expiration date, and billing address, to the online gambling companies where VEALS owned or controlled accounts. As a result, Individual A's debit card was added as a payment method that could be used to fund VEALS's online gambling accounts.

1

4.     Over a six-month period, VEALS used Individual A's debit card information to make over 100 unauthorized electronic payments to the online gambling companies.   These payments, which totaled over $120,000, were withdrawn from Individual A's checking account and deposited into the gambling accounts owned or controlled by VEALS.

5.     VEALS then misappropriated the stolen funds to his own use, including by wagering with them and by withdrawing them from his gambling accounts in cash and other forms.

6.     The unauthorized use of Individual A's debit card information affected interstate commerce by, among other ways, causing the withdrawal and transfer of funds from accounts at financial institutions located in Arizona.

## COUNT 1
### (Use of an Unauthorized Access Device)

7.     Paragraphs 1 through 6 are incorporated here by reference.

8.     Between approximately November 2021 and April 2022, in the Northern District of Indiana and elsewhere, **TYRUS L. VEALS** knowingly and with intent to defraud used one or more unauthorized access devices and thereby obtained funds and other things of value with an aggregate value of at least $1,000, in a manner affecting interstate commerce.

In violation of Title 18, United States Code Sections 1029(a)(2) and (c)(1)(a)(i).

2

## COUNT 2
## (Fraudulent Transactions with Another's Access Device)

9.      Paragraphs 1 through 6 are incorporated here by reference.

10.     Between approximately November 2021 and April 2022, in the Northern District of Indiana and elsewhere, **TYRUS L. VEALS** knowingly and with intent to defraud effected one or more transactions with an access device issued to another person to receive payment or any other thing of value with an aggregate value of at least $1,000, in a manner affecting interstate commerce.

In violation of Title 18, United States Code Sections 1029(a)(5) and (c)(1)(a)(ii).

3

## FORFEITURE ALLEGATIONS

1.     The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1029(a), set forth in Counts 1 and 2 of this Indictment, the defendant, TYRUS L. VEALS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

3.     The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

4.     If any of the property described above, as a result of any act or omission of the defendants:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty,

4

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28 United States Code, Section 2461(c).

A TRUE BILL:

s/Foreperson
FOREPERSON

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By:   s/Zachary D. Heater
      Zachary D. Heater
      Assistant United States Attorney